UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JEREMY VICKERY, AREA WIDE ELECTRIC, ) ) ) Plaintiffs, ) ) -vs- ) ) ) ) CHICK-FIL-A, INC., ) ) Defendant. ) ) | Civil Action No. 4:24-cv-1918-JD-TER  **REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

Plaintiff Jeremy Vickery, who is proceeding pro se, brought this action on behalf of himself and Plaintiff Area Wide Electric (AWE) in the Court of Common Pleas for Horry County, South Carolina. Defendant Chick-Fil-A, Inc. (CFA) removed the action to this court and filed the present Motion to Dismiss (ECF No. 4). Because he is proceeding pro se, Plaintiff was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in the motion being granted and his claims dismissed. Plaintiff filed a Response (ECF No. 11), and Defendant filed a Reply (ECF No. 15). Also before the court is Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12). Defendant filed a Response (ECF No. 17), and Plaintiff filed a Reply (ECF No. 18). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e), DSC. This report and recommendation is entered for review by the District Judge.

## II. FACTUAL ALLEGATIONS

The complaint in this action consists of a letter with several attached documents. See Compl.

(ECF No. 1-1). Plaintiff Jeremy Vickery alleges that he is the owner of Area Wide Electric, LLC in Myrtle Beach. He alleges

> I went into contract with a Chick-fil-A, Inc. and there [sic] hired builder Sterling Building Group to complete a [sic] 11 week remodel of a Chick-fil-A owned and operated fast food restaurant located 85 Rodeo Rd. Myrtle Beach, SC. I sent a certified letter from my attorney informing Chick-fil-A Inc. that Sterling Building Group, the builder was not paying for completed labor and materials and possibly future funds owed to AWE per contract. AWE was paid roughly 66,500 of the 221,575.00 contracted amount. . . . Chick-fil-A has the responsibility to not only collect final lien waivers and payment Apps before paying there [sic] builder in full, but to also give some type of effort to follow up on payment complaints and to ensure all sub contractors that provided labor and materials are paid in accordance with contracts, laws, and building regulations. My family and I have been forced into financial hell because Chick-fil-A [deliberately] ignored there [sic] duties both legally, morally, and ethically. My credit and my business are ruined. Supply houses closed my accounts. Vehicles about to be repossessed. . . . I'm asking for (2,600,000.00) [sic] to be paid immediately by Chick-fil-A Incorporated for the damages and torture to my family[.]

Compl. pp. 1-2. Attached to Plaintiffs's complaint is a copy of the subcontract between Sterling Building Group (Sterling) and AWE. See Subcontract (ECF No. 1-1, pp. 8-13).[1] After sending the letter referenced above in October of 2023, AWE, through its attorney, filed a mechanic's lien in the amount of $121, 682. See Letter dated Oct. 19, 2023 (ECF No. 1-1 pp. 14-16); Mechanic's Lien (ECF No. 1-1, pp. 17-19). On December 13, 2023, Sterling Building Group (Sterling) bonded off the mechanic's lien pursuant to S.C. Code Ann. § 29-5-110. See Bond in Release of Mechanic's Lien (ECF No. 1-1 pp. 20-21).

Plaintiffs filed the present action in the Court of Common Pleas for Horry County on March

---

[1]The copy of the subcontract submitted by Plaintiffs is illegible. Defendant attached a legible copy of the same subcontract to its Motion. See Subcontract (ECF No. 4-1).

6, 2024, and Defendant removed to this court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332.[2]

## III.    STANDARD OF REVIEW

Defendant asserts that it moves for dismissal of this action pursuant to Federal Rules of Civil Procedure 12(b)(4), (5), and (6).  Under Federal Rules of Civil Procedure 12(b)(4) and (5), a defendant may challenge the sufficiency of service of process. "Rule 12(b)(4) concerns the sufficiency of the form of the process, rather than the manner or method by which it is served. Rule 12(b)(5), on the other hand, challenges the mode of delivery or the lack of delivery of the summons and complaint." Davies v. Jobs & Adverts Online, Gmbh, 94 F. Supp. 2d 719, 721 n.5 (E.D. Va. 2000) (citing 5A Wright & Miller, Fed. Prac. & Proc. § 1353 (2d 1990)). However, Defendant does not raise any arguments under Rules 12(b)(4) or (5).

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

---

[2] Plaintiffs also filed a case against NGM Insurance Company, from whom Sterling obtained the Bond, in the Court of Common Pleas, which was removed to this Court.  See Vickery and Area Wide Electric v. NGM Insurance Co., No. 4:24-cv-3213-JD-TER.  In addition, Sterling initiated proceedings in North Carolina to compel arbitration of the dispute with AWE pursuant to the subcontract, which was granted.  See Order Compelling Arbitration (ECF No. 9-1 in No. 4:24-cv-3213-JD-TER).

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

Plaintiff moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed. The standard is almost identical to the standard employed in considering a Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Cont'l Cleaning Serv. v. United Parcel Serv., Inc., No. 1:98CV1056, 1999 WL 1939249, at *1 (M.D.N.C. Apr. 13, 1999) (internal quotations omitted); see also Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir.2002). However, Defendant filed a motion to dismiss in lieu of an answer, and, thus, the court can only consider the complaint.

**IV.  DISCUSSION**

As an initial matter, Plaintiff, who is not an attorney, cannot represent AWE in this action. While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties. "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed

counsel." Rowland v. Cal. Men's Colony, 506 U.S. 194, 201–02 (1993); see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding pro se party cannot represent the rights of others in federal court). The rationale for the rule that a corporation may appear in the federal courts only through licensed counsel applies equally to all artificial entities and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Rowland, 506 U.S. at 202; see also In re Under Seal, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (noting that, "[a]s a limited liability company" with only a single member, "Lavabit likely should not have been permitted to proceed pro se at all."); United States v. Hagerman, 545 F.3d 579, 581–82 (7th Cir. 2008) (holding that LLCs may not proceed pro se and noting that "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity"); United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 92 (2nd Cir. 2008) (explaining that lay persons cannot represent corporations, partnerships, or limited liability companies and noting that a layman may not represent a corporation even if he is the sole shareholder). AWE is a Limited Liability Corporation, see Secretary of State Records (ECF No. 4-1), and, therefore, without an attorney, AWE's claims against CFA cannot proceed.

Further, Defendant argues that Vickery has failed to state a claim against CFA entitling him to any relief individually. The subcontract at issue in this case was between Sterling and AWE, the payment demand was made on behalf of AWE, and the mechanic's lien was filed on behalf of AWE. Neither Vickery nor CFA were parties to the subcontract or any subsequent matters arising from the

subcontract. Thus, Vickery has failed to allege any breach of contract claim. See Beverly v. Grand Strand Reg'l Med. Ctr., LLC, 429 S.C. 502, 507, 839 S.E.2d 468, 470–71 (Ct. App. 2020), aff'd, 435 S.C. 594, 869 S.E.2d 812 (2022) (citing Kingman v. Nationwide Mut. Ins. Co., 243 S.C. 405, 412, 134 S.E.2d 217, 221 (1964)) (recognizing that a nonparty may enforce contractual terms only where those terms intentionally provide the third-party direct benefits). To the extent Vickery alleges some sort of negligence on the part of CFA, he fails to sufficiently allege that CFA owed him a duty individually. See Doe v. Greenville Cnty. Sch. Dist., 375 S.C. 63, 72, 651 S.E.2d 305, 309 (2007) ("An essential element in a cause of action based upon negligence is the existence of a legal duty of care owed by the defendant to the plaintiff."). Therefore, dismissal of Vickery's claims is appropriate.

## V.  CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motion for Judgment on the Pleadings (ECF No. 4) be denied, Defendant's Motion to Dismiss (ECF No. 12) be granted, that Plaintiff AWE's claims be dismissed without prejudice, and that Plaintiff Vickery's claims be dismissed with prejudice.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 22, 2024
Florence, South Carolina

**The parties are directed to the important information on the attached page.**