IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jeremy Vickery, Area Wide Electric, ) | Case No.: 4:24-cv-01918-JD |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Chick-fil-A, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 22.) Plaintiff Jeremy Vickery ("Vickery"), who is proceeding pro se, brought this action on behalf of himself and purportedly Plaintiff Area Wide Electric ("AWE") in the Court of Common Pleas for Horry County, South Carolina.[2] Defendant Chick-fil-A, Inc. ("CFA"), removed the action to this Court and moved to dismiss under Rule 12(b)(4), (5), and (6), Fed. R. Civ. P. (DE 4.) Because Vickery is proceeding pro se, the Magistrate Judge advised him under *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in the motion being

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] The Report correctly notes that Vickery is not an attorney, so he cannot represent AWE. AWE is a Limited Liability Company (*see* DE 4-1), so AWE's claims against CFA cannot proceed without an attorney.

1

granted and his claims being dismissed. (DE 6.)  Vickery responded to CFA's motion (DE 11), and CFA replied (DE 15).

Also before the Court is Vickery's Motion for Judgment on the Pleadings.  (DE 12.)  CFA has responded (DE 17), and Vickery has replied (DE 18).  On August 22, 2024, the Magistrate Judge issued the Report finding the following:

> Vickery has failed to state a claim against CFA entitling him to any relief individually. The subcontract at issue in this case was between Sterling and AWE, the payment demand was made on behalf of AWE, and the mechanic's lien was filed on behalf of AWE.  Neither Vickery nor CFA were parties to the subcontract or any subsequent matters arising from the subcontract. Thus, Vickery has failed to allege any breach of contract claim. *See Beverly v. Grand Strand Reg'l Med. Ctr., LLC*, 429 S.C. 502, 507, 839 S.E.2d 468, 470–71 (Ct. App. 2020), aff'd, 435 S.C. 594, 869 S.E.2d 812 (2022) (citing *Kingman v. Nationwide Mut. Ins. Co.*, 243 S.C. 405, 412, 134 S.E.2d 217, 221 (1964)) (recognizing that a nonparty may enforce contractual terms only where those terms intentionally provide the third-party direct benefits).  To the extent Vickery alleges some sort of negligence on the part of CFA, he fails to sufficiently allege that CFA owed him a duty individually. *See Doe v. Greenville Cnty. Sch. Dist.*, 375 S.C. 63, 72, 651 S.E.2d 305, 309 (2007) ("An essential element in a cause of action based upon negligence is the existence of a legal duty of care owed by the defendant to the plaintiff.").

(DE 22, pp. 5-6.) Accordingly, the Report recommends Vickery's motion for Judgment on the Pleadings (DE 4) be denied without prejudice and CFA's motion to dismiss (DE 12) be granted.  The Report also recommends that AWE's claims be dismissed without prejudice. (*Id.* p. 6.)

Vickery objected to the Report on September 5, 2024 (DE 24); however, to be actionable, objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The

Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—*that are at the heart of the parties' dispute.*'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)).  In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Vickery raises three objections: 1) the type of case presented here is a personal injury case and not a breach of contract claim, 2) Vickery has offered proof of service,[3] and 3) Vickery has offered facts sufficient to support his personal injury claim.  (DE 24, pp. 1-2.)  As for Vickery's first and third objections, even assuming that he has raised a personal injury claim, Vickery has not overcome his failure to state facts to show CFA owed him a duty of care.  Vickery alleges,

> I went into contract with a Chick-fil-A, Inc. and there [sic] hired builder Sterling Building Group to complete a [sic] 11 week remodel of a Chick-fil-A owned and operated fast food restaurant located 85 Rodeo Rd. Myrtle Beach, SC. I sent a certified letter from my attorney informing Chick-fil-A Inc. that Sterling Building Group, the builder was not paying for completed labor and materials and possibly future funds owed to AWE per contract. AWE was paid roughly 66,500 of the 221,575.00 contracted amount. . . . Chick-fil-A has the responsibility to not only collect final lien waivers and payment Apps before paying there [sic] builder in full, but to also give some type of effort to follow up on payment complaints and to ensure all sub contractors that provided labor and materials are paid in accordance with contracts, laws, and building regulations. My family and I have been forced into financial hell because Chick-fil-A [deliberately] ignored there [sic] duties both

---

[3]    The Report does not address proof of service as a deficiency or basis for dismissal, so a ruling on this objection is unnecessary.

3

legally, morally, and ethically. My credit and my business are ruined. Supply houses closed my accounts. Vehicles about to be repossessed. . . . I'm asking for (2,600,000.00) [sic] to be paid immediately by Chick-fil-A Incorporated for the damages and torture to my family[.]

(DE 1-1, pp. 3-4.)  Vickery's claims are based on injuries while "providing construction services on commercial property." (DE 24, p. 2.)  But the claims are AWEs, not his, and there are no facts to show a duty owed by CFA to Vickery individually. "Whether the law recognizes a particular duty is an issue of law to be determined by the court. An affirmative legal duty exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance. Ordinarily, the common law imposes no duty on a person to act." *Johnson v. Robert E. Lee Acad., Inc.*, 401 S.C. 500, 504, 737 S.E.2d 512, 513-14 (Ct. App. 2012) (internal citations and quotations omitted.) The Court, thus, overrules Vickery's objection.

Accordingly, after thoroughly reviewing the Report and Recommendation and the record, the Court adopts the Report (DE 22) and incorporates it here by reference.

It is, therefore, **ORDERED** Vickery's motion for Judgment on the Pleadings (DE 12) is denied without prejudice. The Court dismisses AWE's claims without prejudice because Vickery cannot represent AWE and grants CFA's motion to dismiss (DE 4).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 17, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.